ELIZABETH R. WELLS, Respondent, *v.* WORLD'S DISPENSARY MEDICAL ASSOCIATION, Appellant.

Where the plaintiff fails to establish on trial the cause of action set forth in the complaint, but evidence is received without objection establishing another cause of action, the objection may not be presented on appeal, nor can a reversal be claimed upon the ground that the recovery was for a cause of action not set forth in the complaint.

(Argued March 11, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department. entered upon an order made the first Tuesday of June, 1887, which affirmed a judgment in favor of the plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The complaint herein alleged that defendant, its agents and representatives falsely and fraudently represented to plaintiff that she was suffering from a uterine tumor ; that relying thereon and upon the further statement and assurance that its removal would make her a well woman, she was induced to undergo an operation which resulted in great pain and suffering ; that defendant and its servants and representatives knew at the time of making such representations that plaintiff did not have a tumor, but that they were made to cheat and defraud plaintiff, etc.

At the close of the evidence on the trial the court was requested to direct a verdict for defendant which was denied and exception taken.

The court here say :

" We think the evidence did not authorize a finding that plaintiff did not have a tumor or that the defendant or its representatives perpetrated a fraud upon her.   *   *   *   But no exception is presented authorizing,. as we think, a reversal of the judgment.   Had the evidence been confined to the issue tendered by the pleadings, the court would have been required to grant the motion to direct a verdict.   For it is the duty of the court to direct a verdict where the proof of a fact is so preponderating that a verdict against it would be set aside as contrary to the evidence.   (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 359, and cases cited.)   And an exception to a refusal would have been error demanding a reversal of the judgment.   When the motion to direct a verdict was made, however, it had been conclusively proven that there was a tumor and that it was removed by defendants representatives, and there was evidence of a substantial character tending to show that the operation should not have been performed.   First, because the tumor was small and substantially harmless and might disappear by the natural processes of absorption ; second, on account of the structural and inflamatory condition

of the parts it was but reasonable to apprehend that inflama-
tion of a serious if not fatal character would follow its
removal; and third, that in view of the enfeebled condition
of the patient the shock resulting from the operation would
be likely to produce serious consequences.  And that the
possession of ordinary and reasonable skill on the part of a
physician required such knowledge.  The evidence on the
part of the defendant strongly combatted this view, and
tended to show that its removal was justified by precedent
and good surgery.  But the evidence taken as a whole pre-
sented a question for the jury, and, therefore, the court
rightly denied the motion to direct a verdict.

"Appellant's contention here is, that assuming that under
proper pleadings the evidence authorized a finding against
the defendant because of the removal of the tumor, neverthe-
less it was error to deny the motion because the facts were
not set forth in the complaint.

"We agree with counsel that the complaint does not tender
the issue which we have held was properly presentable to the
jury at the close of the case.  Had an objection been taken
to the admission of the evidence on the ground that it was
not within the scope of the pleadings, or by some other
proper objection the attention of the court had been directed
to the fact that such evidence was not within the issues, the
position of the appellant would be impregnable.  A careful
examination of the record however, fails to disclose a single
objection to the admission of evidence upon any such ground.
Indeed both sides thoroughly litigated the question of the
propriety, from a medical standpoint, of removing the tumor.
And it is evident from the charge of the court that he under-
stood it to be one of the issues directly involved.  Our
attention is called to the first ground of defendant's motion
for a direction, in which he states, ' that the gravamen of the
action is that defendant removed a tumor from the plaintiff
when no tumor in fact existed   *    *    *.'  But he did not
suggest that a recovery could not be had upon any other
phase of the evidence because not within the issues tendered
by the complaint.  On the contrary, the grounds following
assume the existence of the issue, but ask for a direction for

that there 'is no evidence that the tumor was improperly removed.'

" The same method was pursued in making requests and taking exceptions to the charge. True, at the close of the charge an exception was taken to the court's submission of any other question of fact to the jury than whether there was a tumor. But it was not placed upon the ground that it was not permissible under the pleadings. It did not tend to call the attention of the court or plaintiff's counsel to the fact that the pleadings were not broad enough to cover it. In view of the manner in which the trial had been conducted by counsel, and the grounds assigned for the motion to direct a verdict, the exception more naturally suggested that in the judgment of counsel, the propriety of the removal of the tumor was established beyond question.

" A careful consideration of the whole case impresses upon us the thought that the defendant's confidence in the correctness of its position was so great as to have led it to court a contest, upon every ground of liability alleged in the pleadings or assigned upon the trial.

" No objection having been made to the theory of liability advanced upon the trial, that the removal of the tumor was improper, because not within the issues, it is now too late to object. (*Wellington* v. *Morey*, 90 N. Y. 656; *Vann* v. *Rouse*, 94 id. 407; *Tarbell* v. *R. E. S. Co.*, 110 id. 170.)

" As no exceptions were taken to that portion of the charge submitting to the determination of the jury whether there was a tumor, the propriety of it is not open to review. There are no exceptions justifying a reversal of the judgment.

" The judgment should be affirmed."

*Adelbert Moot* for appellant.

*H. J. Swift* for respondent.

PARKER, J., reads for affirmance.
All concur, except BRADLEY and HAIGHT, JJ., not sitting.